**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **TELINIT TECHNOLOGIES, LLC** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO. 2:14-cv-1082** |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **DOODLE MOBILE LTD** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**COMPLAINT FOR PATENT INFRINGEMENT**

COMES NOW, Plaintiff Telinit Technologies, LLC ("Telinit"), through the undersigned attorneys, and respectfully alleges, states, and prays as follows:

**NATURE OF THE ACTION**

1.      This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent defendant Doodle Mobile Ltd (hereinafter, "Defendant" or "DML") from infringing and profiting, in an illegal and unauthorized manner and without authorization and/or of the consent from Telinit, from U.S. Patent No. 7,016,942 (the "'942 patent", attached hereto as Exhibit "A") pursuant to 35 U.S.C. §271, and to recover damages, attorneys' fees, and costs.

**THE PARTIES**

2.      Plaintiff, Telinit is a Texas corporation with its principal place of business at 214 W. Fannin St., Suite 16, Marshall, Texas 75670.

3.      Upon information and belief, Defendant is a company organized under the laws of the Cayman Islands with its principal place of business at 23 Lime Tree Bay Avenue, Grand Cayman KY1-1209, Cayman Islands.

4.     Defendant is in the business of developing, distributing and/or selling software that enables user access to video games through a network from an initial client/server connection to direct client-to-client communication, including but not limited to the video game "Powerboat Racing 3D", throughout the United States, including within this judicial jurisdiction.

## JURISDICTION AND VENUE

5.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*

6.     This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction, as alleged herein, as well as because of the injury to Telinit, and the cause of action Telinit has risen, as alleged herein.

7.     Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

8.     Defendant has conducted and does conduct business within the state of Texas, including the geographic region within the Eastern District of Texas, directly or through intermediaries, resellers or agents, or offers for sale, sells, advertises (including through the use of interactive web pages with promotional material) products or services, or uses services or products in Texas, including this judicial district, that infringe the '942 patent.

9.     Specifically, Defendant solicits business from and markets its products to

consumers within Texas by offering to set connections for potential Texas consumers enabling them to communicate with Defendant's websites and applications through the Internet.

10.     In addition to Defendant's continuously and systematically conducting business in Texas, the causes of action against Defendant are connected (but not limited) to Defendant's purposeful acts committed in the state of Texas, including the geographic region within the Eastern District of Texas, including Defendant's making, using, offering for sale, or selling products and services for network-based client/server connectivity (dynamic hosting) systems which include features that fall within the scope of at least one claim of the '942 patent.

11.     Venue lies in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL ALLEGATIONS

12.     On March 21, 2006, the United States Patent and Trademark Office (USPTO) duly and legally issued the '942 patent, entitled "Dynamic Hosting" after a full and fair examination.

13.     Telinit is presently the owner of the patent, having received all right, title and interest in and to the '942 patent from the previous assignee of record. Telinit possesses all rights of recovery under the '942 patent, including the exclusive right to recover for past infringement.

14.     The 942 patent is valid and enforceable.

15.     The '942 patent contains four independent claims and 24 dependent claims. Defendant commercializes, inter alia, methods that perform all the steps recited in at least one claim of the '942 patent, and also makes, uses, sells and/or offers to sell products that encompass at least one claim of the '942 patent.

16.     The invention claimed in the '942 patent includes a computer-implemented method for channeling data through a network from an initial server or client connection to direct communication between two client computers.

17.     The method includes at least two computers connecting through a network to a static server which can be accessed through a predesignated address. The computers can be identified as a first computer ("First Computer") and a second computer ("Second Computer").

18.     The before mentioned computers establish a communication session with the static server at a time in which both computers are not presently communicating with each other. Once that connection with the static server is established, the First Computer transmits initial data to the Second Computer through the static server.

19.     Afterwards, and while maintaining network connectivity to said static server, the First Computer directly transmits a second data to said Second Computer without said static server intervening.

20.     Alternatively, the method includes the above mentioned steps and a static server evaluating at least one operational characteristic of the First Computer, where the static server selects said First Computer as a dynamic host.

21.     The method may include other additional steps and variations accounted for in the various independent and dependent claims of the '942 patent.

## THE INFRINGING PRODUCTS

22.     The infringing products, including, but not limited to, "Powerboat Racing 3D" (the "Infringing Products"), use a real-time multiplayer API to connect multiple players in a single game session and transfer data messages between connected players.

23.     The Infringing Products employ a network of computers that channel data (video games) using both an initial client-to-server connection and then a direct player-to-player (client-to-client) communication.

24.     In the Infringing Products, before a real-time multiplayer game session can occur, client computers must be signed in to the video game. In requesting a match, client computers, such as mobile devices and tablet computers, connect through a network to a match-making server that looks for other participants who are also requesting to be auto-matched. During this process, client computers share data with the server letting the server know they want to join a real-time multiplayer room. By doing so, client computers also give the server information about themselves, including their IP address. The match-making server utilized by the Infringing Products facilitates "anonymous" match-making, indicating that client computers are not communicating with each other prior to being connected via the match-making server.

25.     After finding players for a game session, a peer-to-peer mesh network between participants is set up. The clients of the peer-to-peer mesh network form a connected set of participants. Thus, the connected set of participants' acts as a list of client computers that allows for direct communication between the client computers in the connected set. This occurs in the Infringing Products, for example, when one player receives game data, such as the position of the other's player's vehicle, directly rather than through the server. While the game is on-going, the peer-to-peer mesh network maintains communication with the match-making server to keep track of participants and room state information.

26.     Defendant designs, develops and sells the Infringing Products. Defendant does not allow users to edit and/or modify the object code of the Infringing Products. As such, Defendant directs or controls the execution of each and every step in the Infringing Products.

## INFRINGEMENT OF THE '942 PATENT

27.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 26.

28.     Defendant directly infringes one or more claims of the '942 patent by making, using, selling, offering to sell and/or importing the Infringing Products in violation of 35 USC § 271(a).

29.     Defendant further directly infringes by performing all of the steps, either directly or by controlling a third party, of at least Claim 1 of the '942 patent.

30.     For example, Defendant directly infringes at least Claim 1 of the '942 patent.

31.     Defendant has committed these acts of infringement without license or authorization.

32.     As a result of Defendant's infringement of the '942 patent, Telinit has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

33.     Telinit will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Telinit is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

34.     Telinit has also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with it from directly infringing the '942 patent.

## DEMAND FOR JURY TRIAL

35.     Telinit demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Telinit prays for the following relief:

1.      That Defendant be adjudged to have infringed the '942 patent, directly, literally and/or under the doctrine of equivalents;

2.      That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly infringing the '942 patent;

3.      An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Telinit for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

4.      An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

5.      That Defendant be directed to pay enhanced damages, including Telinit's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

6.      That Telinit have such other and further relief as this Court may deem just and proper.

Dated: December 1, 2014                    Respectfully Submitted,

                                           By: /s/ William E. Davis, III
                                           William E. Davis, III
                                           Texas State Bar No. 24047416
                                           **The Davis Firm, PC**
                                           222 N. Fredonia Street
                                           Longview, Texas 75601
                                           Telephone: (903) 230-9090
                                           Facsimile: (903) 230-9661
                                           Email: bdavis@badavisfirm.com

                                           *Of Counsel*

                                           Eugenio J. Torres-Oyola
                                           USDC No. 215505
                                           **Ferraiuoli LLC**
                                           221 Plaza, 5th Floor
                                           221 Ponce de León Avenue
                                           San Juan, PR 00917
                                           Telephone: (787) 766-7000
                                           Facsimile: (787) 766-7001
                                           Email: etorres@ferraiuoli.com

                                           **ATTORNEYS FOR PLAINTIFF
                                           TELINIT TECHNOLOGIES, LLC**